UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

         -v.-                            <u>ORDER</u>

MARC SEEDORF,                      19-CR-876 (CS)

                Defendant.
------------------------------------------------------x

<u>Seibel, J.</u>

      Before the Court is Defendant Marc Seedorf's motion for reduction of sentence under 18

U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 21), and the Government's

opposition thereto, (Doc. 24).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with

one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated

version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*,

976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

On September 15, 2020, Defendant was sentenced principally to six months' imprisonment on his conviction for tax evasion.  (Doc. 18.)  That sentence was significantly below the Sentencing Guidelines range of 12-18 months.  (Doc. 7 at 20.)  Defendant surrendered to the Bureau of Prisons ("BOP") on January 4, 2020, so is approximately halfway through his sentence.

A sentence reduction may be considered only if Defendant has exhausted his administrative remedies, meaning he must have applied to the Warden of his facility and waited at least thirty days for a response.  *See* 18 U.S.C. § 3582(c)(1)(A).  Defendant's application to his Warden is dated February 15, 2021, which was more than thirty days before he filed the instant motion, but the Government says BOP has no record of receiving it.  Rather than resolving this factual dispute, I will assume Defendant has exhausted.

On the merits, the application is denied.  Defendant argues that the dangers posed by the corona virus pandemic to those in prison, combined with his medical conditions, present an extraordinary and compelling circumstance.  But the conditions to which he points have not been identified by the Centers for Disease Control ("CDC") as factors that increase the risk of a severe case if one were to contract COVID-19.  Further, Defendant has received the first Pfizer vaccination on March 22, 2021, and will receive the second one in a week.  Just the first vaccine is, according to the CDC, 80% effective after two weeks.  Moreover, while FCI Fort Dix, where Defendant is incarcerated, had serious outbreak of COVID-19, it appears to have largely passed, with (according to BOP) only fifteen inmates (out of 2783) currently positive, down from a high

2

of 797 on January 12, 2021 (according to the Department of Justice Office of Inspector General COVID-19 Dashboard).

In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases), *reconsideration denied*, 2020 WL 5912811 (Oct. 6, 2020) ; *see United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases).  Nor do the conditions implemented during the pandemic elevate Defendant's situation to that level.  I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Johnson*, No. 98-CR-860, 2021 WL 1207314, at *4 (E.D.N.Y. Mar. 31, 2021); *United States v.  Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

For the reasons stated above, Defendant has not shown  extraordinary and compelling circumstances.  Further, even if he had, reducing his already-below Guidelines sentence by 50% would not sufficiently serve the purposes of sentencing outlined in § 3553(a), particularly reflecting the seriousness of the offense, just punishment and deterrence, essentially for the reasons stated by the Government.

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 23 and to send a copy of this Order to Marc Seedorf, c/o Barbara Granata, 181 Main Street, South Salem, NY 10590.

Dated:  April 5, 2021
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

4